### THE SECOND MUNICIPALITY OF THE CITY OF NEW ORLEANS *v.* JAMES S. McFARLANE.

Under the ordinance of the Second Municipality of New Orleans, of 12th July, 1836, which declares, that the tax levied on the owners of property for the reimbursement of their portion of the expense of paving, " shall be paid in cash within ninety days after the work is done, or in notes endorsed to the satisfaction of the Committee of Finance, at six, twelve, eighteen, and twenty-four months, bearing interest at the rate of eight per cent a year," interest, at that rate, may be recovered from a property-holder who has neglected to pay, within the ninety days, the amount assessed as his share of the cost of such pavement.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. This was an action by the Second Municipality of New Orleans, to recover one-third of the cost of certain pavement in front of property belonging to the defendant, with interest at eight per cent per annum, from the expiration of ninety days from its completion. By an ordinance of the Municipality, of the 12 July, 1836, (Ordinances, p. 269,) it is provided that, " the amount of the tax for pavement made in front of the lots of individuals shall, in future, be paid in cash, within ninety days after the work is done, or in notes endorsed to the satisfaction of. the Committee of Finance, at six, twelve, eighteen, and twenty-four months, bearing interest at the rate of eight per cent per annum." No note had been executed by the defendant. The pavement was laid down under an ordinance of the Municipality, and its cost was proved. The ownership of the property was admitted.

*Rawle*, for the plaintiffs.

*Larue*, for the appellant. Interest at eight per cent can only be allowed, where there has been a special contract to grant delay. There was no agreement in this instance.

MARTIN, J. The plaintiffs claim from the defendant the sum of eight hundred and twenty-one dollars and sixty-eight cents, with interest at eight per cent, for his proportion of the expenses of the paving of the street before his property. He resisted the claim on the plea of the general issue, &c. There was a verdict and judgment against him, and he has appealed. The case is before us on a bill of exceptions to the charge of the court, instructing the

jury, "that the interest at eight per cent could be received as part of the tax." It does not appear to us that the court erred. The Municipality had the undoubted right of calling on the owners of lots, for a contribution to the expenses attending the paving of the streets before their respective property. In doing so, they might insist that those who delayed payment, should pay interest at eight per cent, the delay being a facility which they were not bound to grant ; and the owners might have avoided the payment of the stipulated interest, by an earlier payment.

On the merits, we have seen no objection to the verdict or judgment.

*Judgment affirmed.*